EL PUEBLO, DEMANDANTE Y APELADO, *v.* NOCHERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por infracción de las ordenanzas municipales.

No. 910.—Resuelto en marzo 14, 1916.

DENUNCIA—ALEGACIONES DE LA DENUNCIA—CONOCIMIENTO DE LOS HECHOS POR EL DENUNCIANTE.—El artículo 22 del Código de Enjuiciamiento Criminal según quedó enmendado en el año 1903, no exige que se haga constar en la denuncia la razón de conocer los hechos la persona que la formula, ni hay precepto alguno en la ley que tal manifestación requiera de la persona denunciante o de la autoridad o funcionario que hace la denuncia.

ID. — PERSONAS QUE PUEDEN PRESENTARLA — CONOCIMIENTO DE LOS HECHOS —

ARRESTO DEL ACUSADO.—Antes de ser reformado el artículo 22 del Código de Enjuiciamiento Criminal sólo podía hacer la denuncia la persona perjudicada y la enmienda de 1903 no tuvo otro objeto que el de permitir que también la hicieran otras personas tales como autoridad o funcionario que tuviera conocimiento del hecho o que hubiere verificado el arresto del acusado.

INFRACCIÓN DE LAS ORDENANZAS MUNICIPALES—ORDENANZAS MUNICIPALES—CORTES MUNICIPALES—JUZGADOS DE PAZ—CORTES DE DISTRITO—CONOCIMIENTO JUDICIAL.—Cuando se trata de un procedimiento para hacer cumplir una ordenanza municipal en una corte municipal o de paz, el tribunal toma conocimiento judicial de ella por ser ley de su *forum*, y cuando las cortes de distrito conocen del procedimiento en grado de apelación, como sustituyen a aquellas en el caso, quedan sujetas a la misma regla y toman por consiguiente conocimiento judicial de la ordenanza.

ID. — ZONA URBANA — AUTOMÓVILES — VELOCIDAD DE AUTOMÓVILES EN ZONA URBANA—CALLES.—La sección 1ª. de la ordenanza del municipio de Mayagüez aprobada en 11 de mayo de 1911, no está en contradicción con la sección 36 de la ley No. 41 de 10 de marzo de 1910 que dispone que los automóviles no deberán marchar a una velocidad mayor de 16 kilómetros por hora mientras estuvieren dentro de la zona urbana del municipio, porque no impide que el municipio establezca otra menor. La norma fijada por la ordenanza de que se trata de que la velocidad de los automóviles al torcer las esquinas de las calles no sea mayor en ningún caso que la que pueda desarrollar una persona andando normalmente es buena, pues el paso normal de una persona que camina es bastante igual y de fácil conocimiento de todos para que pueda servir de comparación con otra velocidad.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pedro Nochera fué denunciado en la Corte de Paz de Mayagüez porque guiando un automóvil por las calles de la población torció la esquina de la calle de McKinley a mayor velocidad que la que puede desarrollar una persona caminando a pie de un modo normal, infringiendo de ese modo la sección 1ª. de la Ordenanza aprobada en 11 de mayo de 1911. La denuncia fué hecha mediante declaración jurada y firmada por el Policía Insular Enrique Rodríguez.

Al conocer de esa denuncia la Corte de Distrito de Mayagüez en grado de apelación dictó sentencia condenatoria contra la cual el denunciado interpuso el presente recurso de apelación.

El denunciado solicitó de la corte inferior que archivara la denuncia fundándose en que no aduce hechos suficientes para someterle a juicio y ahora insiste en que la corte inferior cometió error al negar esa petición porque de acuerdo con el artículo 22 de la Ley de Enjuiciamiento Criminal, según quedó enmendado en el año 1903, para que una denuncia sea suficiente debe alegar que el funcionario denunciante conoce los hechos de propio conocimiento o por información que cree cierta, o por haber arrestado al acusado.

El artículo 22 enmendado dice así:

"Todo caso en que tenga jurisdicción el juez de paz empezará por denuncia jurada del denunciante, o de la autoridad o funcionario que tenga conocimiento del hecho, o que haya arrestado al acusado."

Este artículo no sostiene la proposición del apelante porque no exige que se haga constar en la denuncia la razón de conocer los hechos la persona que formula la denuncia, ni hay precepto alguno en la ley que tal manifestación requiera de la persona denunciante o autoridad o funcionario que hiciera la denuncia. Antes de ser reformado ese artículo sólo podía hacer la denuncia la persona perjudicada y la enmienda no tuvo otro objeto que el de permitir que también la hicieran otras personas, tales como la autoridad o funcionario que tuviera conocimiento del hecho o que hubiera verificado el arresto del acusado.

Sostiene también el apelante que la prueba es insuficiente para condenarle porque no puede conocerse por ella a qué velocidad torció la esquina de la calle de McKinley el automóvil que guiaba y por qué el Fiscal no presentó como prueba la ordenanza que se supone infringida.

Hemos examinado la prueba y declarando uno de los dos testigos que el automóvil iba bastante más ligero que un hombre y que un caballo a escape y que no redujo la velocidad al torcer la esquina; y el otro testigo, que el automóvil torció la esquina a una gran velocidad por lo menos de diez kilómetros por hora, que es mayor que la de un hombre andando y

que para llegar a ese conocimiento tuvo en cuenta que el automóvil torció rápido y en seguida estuvo distante lo que no ocurre cuando una persona pasa al lado de otra, tenemos que llegar a la conclusión de que fué suficiente para que el tribunal llegase a la conclusión de que al torcer la esquina de la calle guió el automóvil a mayor velocidad que la de una persona andando, pues los medios de comparación que tuvieron los testigos para hacer sus afirmaciones fueron suficientes para sostenerlas.

En cuanto a que no se presentó como prueba la ordenanza cuya infracción se alegaba hemos declarado en el caso de *El Pueblo* v. *Suárez,* ·decidido en noviembre 26, 1915, que cuando se trata de procedimientos para hacer cumplir una ordenanza municipal en una corte municipal (y de paz agregamos ahora) el tribunal toma conocimiento judicial de la ordenanza por ser ley de su *forum.* Por esto, cuando la corte de distrito conoce de esos asuntos en grado de apelación, sostiene la mayoría de las decisiones que, como sustituye a aquéllas, quedan sujetas a la misma regla y toman conocimiento judicial de las ordenanzas municipales. Jones on Evidence, 2ª. edición, página 127. 16 Cyc. 899 notas 44 y 45.

El último error que alega el apelante es que la ordenanza por cuya infracción se le castiga es nula porque no establece una medida exacta de la velocidad a que puede un automóvil torcer una esquina y porque está en conflicto con una ley de la legislatura.

Creemos que es buena la norma fijada por la ordenanza de que la velocidad de los automóviles al torcer las esquinas de las calles no sea mayor en ningún caso que la que pueda desarrollar una persona andando normalmente, pues el paso normal de. una persona que camina a pie es bastante igual y de fácil conocimiento de todos para que pueda servir de comparación con otra velocidad.

Finalmente no encontramos que la sección de la ordenanza que nos ocupa sea contradictoria con la sección 36 de la ley No. 41 de 10 de marzo de 1910, página 131. Lo que en ésta

se dispone es que los automóviles no deberán marchar a una velocidad mayor de diez y seis kilómetros por hora mientras estuvieren dentro de la zona urbana de un municipio. Esta sección de la ley lo único que hace es fijar un máximum para la velocidad de los automóviles en la zona urbana, y no sería legal una ordenanza permitiendo que en la zona urbana se caminase a mayor velocidad que la mencionada, pero no impide que pueda el municipio dentro de ese máximum fijar otro menor. En el caso de *Bellingham* v. *Cissna,* 87 Pac. 481 (Wash. 1916) se declaró que una ley que fijaba cierta velocidad a los automóviles dentro de la zona urbana no impide que el municipio establezca otra menor. Véase también el caso de *Christensen* v. *Tate,* 128 N. W. 622 (Neb. 1910).

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.