El Pueblo, Demandante y Apelado, *v.* Maymón, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en causa por infracción de las ordenanzas municipales.

No. 934.—Resuelto en junio 6, 1916.

Denuncia—Conocimiento de los Hechos por el Denunciante—Arresto del Acusado.—De acuerdo con el artículo 22 del Código de Enjuiciamiento Criminal no es necesario que en la denuncia se alegue que el denunciante conoce los hechos por propio conocimiento o por información que cree cierta o por haber arrestado al acusado.

Infracción de las Ordenanzas Municipales—Denuncia Suficiente—Espectáculos Públicos.—Aduce hechos constitutivos de materia delictiva una denuncia por infracción de la ordenanza del municipio de Mayagüez de 27 de julio de 1915 en que imputa al acusado haber producido la obstrucción de una calle determinada donde se aglomeró el público por consecuencia de un espectáculo de cinematógrafo que daba desde el balcón de un teatro con la pantalla o lienzo colocado en la esquina de la calle.

Id.—Id.—Aglomeración en las Calles—Espectáculos Públicos.—El objeto de la ordenanza del municipio de Mayagüez de 27 de julio de 1915 es el de impedir la aglomeración en las calles, y la idea de la sección 2ª. es la de prohibir espectáculos públicos que necesariamente producen tal resultado.

Id.—Id.—Constitución de los Estados Unidos—Derechos del Pueblo.—La ordenanza citada no infringe la Constitución de los Estados Unidos ni la ley regulando los derechos del pueblo promulgada por la Asamblea Legislativa de Puerto Rico en 27 de enero de 1902, porque no prohibe al pueblo el libre goce de sus calles sino lo que hace es regular ese derecho de modo que no sea impedido por determinadas personas o corporaciones.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Angel A. Vázquez.

Abogado del apelado: Sr. Salvador Mestre, Fiscal.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

En la ciudad de Mayagüez está en vigor una ordenanza municipal dictada con el fin de prohibir la obstrucción del tránsito público por sus calles y aceras, en la que después de consignar que existen quejas por la ocupación de las calles por varias personas para presenciar espectáculos públicos ofrecidos por determinadas empresas sin fines especulativos, obstruyendo el tránsito de otras y de automóviles, coches, etc., prohibe por su sección 1ª. que ninguna persona, sociedad, comité o corporación obstruya el libre tránsito de las calles y aceras en ninguna forma, para ningún fin, de día ni de noche; para asegurar el cumplimiento de dicha sección prohibe la 2ª. los espectáculos públicos en todos los sitios donde los espectadores no puedan situarse o acomodarse para presenciarlos dentro de algún teatro, circo, plaza, parque o casa particular; y la sección 3ª. señala el castigo por su infracción.

Por infringir esa ordenanza fué denunciado Francisco Maymón por un policía alegando que daba un espectáculo público en una calle de Mayagüez consistente en exhibir varias películas desde el teatro "Yagüez," que queda en la calle McKinley, con el lienzo en los altos del establecimiento de Santiago Panzardi, situado en la esquina de dicha calle, de modo que los espectadores no pueden situarse para presenciarlo dentro de ningún teatro, circo, plaza, parque o casa particular, espectáculo que dió lugar a que el público se aglomerase en la calle obstruyendo el libre tránsito.

Contra la sentencia condenatoria dictada por el tribunal de distrito interpuso el denunciado este recurso en el que alega en primer término que la denuncia es insuficiente y que no aduce hechos constitutivos de materia delictiva.

En el caso de *El Pueblo* v. *Nochera,* 23 D. P. R. 605 tratando la misma cuestión que plantea el apelante en cuanto a la insuficiencia de la denuncia dijimos que de acuerdo con el artículo 22 del Código de Enjuiciamiento Criminal no es necesario que en la denuncia se alegue que el denunciante conoce los hechos por propio conocimiento, o por información que cree cierta o por haber arrestado al denunciado.

El otro defecto imputado a la denuncia tampoco es sostenible porque la simple lectura de ella convence de que imputa al apelante la infracción de la citada ordenanza, o sea la de haber producido la obstrucción de la calle McKinley donde se aglomeró, el público por consecuencia de un espectáculo de cinematógrafo que daba desde el balcón del teatro ''Yagüez'' con la pantalla o lienzo colocado en la esquina de la calle.

La prueba tampoco es insuficiente para sostener la sentencia, pues demostró los hechos relatados en ella y si bien el apelante presentó testigos para comprobar que algunas personas presenciaban el espectáculo desde cierto sitio del teatro y desde el balcón de alguna casa particular esto no desvirtúa el hecho probado por el Fiscal de que todas las personas que presenciaban el espectáculo no podían estar situadas o acomodadas en teatro, circo, plaza, parque o casa particular sino que se aglomeraron en la calle obstruyendo el tránsito, que es lo que quiere impedir la ordenanza citada. El objeto de la ordenanza es impedir la aglomeración en las calles y la idea de la sección 2ª. es la de prohibir espectáculos públicos que necesariamente producen tal resultado, como en este caso.

Por último, la ordenanza no infringe la Constitución de los Estados Unidos ni la ley regulando los derechos del pueblo, promulgada por nuestra asamblea legislativa en 27 de febrero de 1902, porque no prohibe al pueblo el libre goce de sus calles sino lo que hace es regular ese derecho de modo que no sea impedido por determinadas personas o corporaciones.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.