Monllor, Demandante y Apelante, *v.* Hon. J. J. Acosta, Juez Municipal, Demandado y Apelado, y González, Interventor.

## Apelación procedente de la Corte de Distrito de Ponce en procedimiento de *certiorari.*

No. 1926.—Resuelto en febrero 28, 1919.

Deudor Próximo a Ausentarse con Intención de Defraudar Acreedores—Arresto en Acción Civil—Declaración Jurada (Affidavit).—Un *affidavit* del demandante en el cual expresaba que le constaba de propio conocimiento por confesión del demandado, así como por la prensa, que el demandado estaba para ausentarse de la Isla de Puerto Rico hacia la de Cuba en donde pensaba residir en lo sucesivo, con intención de defraudar al declarante sin dejar responsabilidad alguna en la isla, es suficiente para sostener una moción solicitando un mandamiento de arresto del demandado, por ser un deudor que huye para eludir el pago de sus deudas.

Id.—Id.—Diligenciamiento de Ordenes de Arresto en Acciones Civiles—Certiorari.—La negativa de la corte de distrito a anular el procedimiento a virtud de la alegación de no haber sido cumplimentado el mandamiento de arresto por el debido funcionario, si fuera así no es razón para la expedición de un *certiorari,* teniendo el apelante otros remedios.

Id.—Id.—Prisión por Deuda.—Los estatutos que autorizan el arresto en acciones civiles deben ser interpretados estrictamente, pero no impiden que el brazo fuerte de la justicia detenga a los deudores que huyen para eludir el pago de sus deudas no obstante el precepto constitucional que prohibe la prisión por deudas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo Flores Colón.*

El demandado no compareció.

Abogados del interventor: *Sres. L. Torres Grau y Tomás Torres Pérez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La presente es una apelación interpuesta contra sentencia de la Corte de Distrito de Ponce por la que dicha corte declaró sin lugar o anuló una solicitud interesando un auto de *certiorari* dirigido a J. J. Acosta, Juez Municipal de Ponce.

La apelación se refiere a una orden de la Corte Municipal de Ponce por virtud de la cual la referida corte libró un mandamiento de arresto contra Manuel Monllor, alegando actuar de acuerdo con los artículos 144, 145 y 146 del Código de Enjuiciamiento Civil, de los cuales copiamos los párrafos pertinentes al caso:

"Artículo 144.—El demandado puede ser arrestado como a continuación se dispone en los casos siguientes:

1. En una acción en cobro de dinero o por el importe de los perjuicios ocasionados en un pleito motivado por contrato expreso o tácito, cuando el demandado estuviese para irse de la Isla de Puerto Rico con intención de defraudar a sus acreedores, o cuando la acción es por ofensa voluntaria a la persona, o a su reputación, o daño a la propiedad, sabiendo que ésta pertenece a otro.

\* \* \* \* \* \* \*

"Artículo 145.—La orden de arresto del demandado habrá de obtenerse del juez de la corte ante la cual se ejercita la acción.

"Artículo 146.—La orden podrá librarse siempre que en la opinión del juez resultare, de la declaración escrita y jurada del demandante, o de alguna otra persona, que existe suficiente causa de acción y que el caso es uno de los mencionados en el artículo 144. La declaración escrita y jurada habrá de ser o positiva o fundada en informes y opinión del declarante; y cuando se basare en tales informes u opinión, habrá de consignar los hechos en que estuvieren basados dichos informes y opinión. Si se librare la orden de arresto la declaración escrita y jurada será archivada por el secretario de la corte".

El primer error que se alega es que el *affidavit* en este caso expone solamente una conclusión legal y no expresa hechos suficientes para cumplir con los artículos 144 y 146.

Hemos examinado el caso de *Burrichter* v. *Cline,* 28 Pac. 367. Este caso constituye autoridad solamente para probar que un *affidavit* que contenía todos los fundamentos enumerados en el estatuto, todas conclusiones de ley, no alegaba ningún hecho por el cual la corte pudiera estar legalmente satisfecha de que debía dictarse un mandamiento de arresto. El caso de *Ex-parte Yonetaro,* 120 Cal. 316, fué uno que mostraba un *affidavit* insuficiente, puesto que las alegaciones de que el demandado "se irá del estado defraudando y engañando de tal modo a este demandante," no son equivalentes a las palabras del estatuto. La corte continúa diciendo que cuando el declarante (*affiant*) se aparta del lenguaje del estatuto debe, a su riesgo, emplear palabras de igual significación. Así pues, la corte insinúa que es suficiente seguir las palabras del estatuto como se infiere del artículo 146, pero no necesitamos basar nuestra decisión exclusivamente en este punto. El *affidavit* contenía mucho más, puesto que en él se decía bajo juramento del demandante que le constaba de propio conocimiento por confesión del demandado, así como por la prensa, que el demandado estaba para ausentarse de la Isla de Puerto Rico hacia la de Cuba con intención de defraudar al declarante (*affiant*) sin dejar responsabilidad alguna en la isla y que dicho Monllor iba a embarcarse al día siguiente para Cuba, en donde pensaba residir en lo sucesivo. Este *affidavit* era suficiente.

Alega el apelante que el marshal de la corte municipal no tiene derecho, de acuerdo con el Código de Enjuiciamiento Civil, para cumplimentar un mandamiento de arresto de esta clase. La razón que alega, según entendemos, es que dicho Código menciona únicamente al marshal de la corte de distrito y que éste, de conformidad con las subsiguientes secciones es responsable con su fianza; que en el año 1904, cuando el mencionado código fué aprobado, los marshals de las cortes municipales no estaban obligados a prestar fianza, sino solamente en el año 1907. Dejando a un lado el hecho de no aparecer claramente si el funcionario que cumplimentó el auto

era un marshal de la corte municipal o un sub-marshal y que las leyes de 1907 y las anteriores tendían a dar a las cortes municipales todas las facultades de las cortes de distrito dentro de sus debidas jurisdicciones, y aun cuando tuviéramos por otro motivo alguna duda, no intervendríamos en la discreción de la corte de distrito al negarse a dejar sin efecto los procedimientos por este fundamento. El apelante pudo haber tenido otros remedios suficientes además del *certiorari.*

La única otra cuestión es que el arresto fué de prisión por deuda y por tanto en violación de la Ley Jones. La corte inferior resolvió esta alegación con decir que no era un arresto sino solamente un remedio provisional (*mesne process*), y hace referencia a 3 Cyc. 398-99. El apelante nos cita el tomo 2 de R. C. L., página 482 y el 34 de L. R. A., página 634. Estas citas muestran que los estatutos como el presente deben ser interpretados estrictamente, pero no impiden que el brazo fuerte de la ley detenga a los deudores que huyen para eludir el pago de sus deudas.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.