El Pueblo, Demandante y Apelado, *v.* Jiménez, Acusada
y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla
en causa por infracción a la sección 10 de la Ley de Prés-
tamos Agrícolas.

No. 1945.—Resuelto en enero 12, 1923.

Préstamos Agrícolas—Apropiación—Depositario—Abuso de Confianza—De-
lito Grave — Delito Menos Grave. — Aunque la apropiación de bienes por
el depositario de ellos puede constituir un abuso de confianza, que es un de-
lito grave, ello no impide que esa persona sea procesada por un delito menos
grave constituído por distintos o semejantes elementos, cuando tal apropia-
ción ha sido definida como delito menos grave por una ley especial sobre prés-
tamos agrícolas.

Id.—Id.—Acreedor—Marido y Mujer—Denuncia.—Cualquier persona, y entre
ellas el marido de una acreedora, puede presentar una denuncia al amparo
de la Ley de Préstamos Agrícolas, siempre que tenga conocimiento de los
hechos del caso.

Id.—Id.—Prisión por Deudas—Quebrantamiento de Fe.—La Ley de Présta-
mos Agrícolas no es anticonstitucional en el sentido de sancionar la prisión
por deudas, pues su propósito no es castigar el hecho de dejar insoluta una
deuda, sino el dejar de ser fiel a la fe depositada.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. B. Esteves.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

El 10 de marzo de 1904, Leyes de la Sesión, página 131,
la legislatura decretó una ley conocida por Ley de Préstamos
Agrícolas. La ley en efecto prescribía sobre préstamos con
la garantía de la propiedad del llamado agricultor. La sec-
ción 1ª de dicha ley es como sigue:

"Sec. 1ª.—Los agricultores pueden contraer préstamos sobre pro-
ductos y efectos agrícolas, que guardarán cuidadosa y gratuitamente
en su poder mientras sirvan de garantía al dinero prestado."

La sección 10 prescribía en cuanto a la imposición de un
castigo, a saber:

"Sec. 10.—El agricultor que cambie, venda o premeditadamente
deteriore en perjuicio de su acreedor los objetos que le habían em-

peñado y de los cuales él se constituyó depositario, incurrirá en *misdemeanor*. También incurrirá en *misdemeanor* el agricultor que aprecie los efectos en mayor precio del que tuvieren en el mercado el día en que se firmó el título. Y el agricultor que no entregara en el acto de ser requerido por el juzgado, los efectos de que se constituyó depositario, será castigado por desacato según el Código Penal.''

La denuncia sometida a nuestra consideración alega substancialmente que habiendo el acusado obtenido un préstamo por virtud de la referida ley con garantía de cierto café, dispuso del mismo vendiéndolo en perjuicio de su acreedora, con las debidas referencias y alegaciones sobre malicia, etc. No se ataca la denuncia, suponiendo que la corte tenga jurisdicción y que la ley sea constitucional. El acusado fué declarado culpable y condenado a pagar una multa de noventa dólares, o en su defecto a sufrir una sentencia de cárcel.

Se queja el apelante de haberse cometido error, porque dice que como la suma envuelta era café valorado en $334.65, su malversación constituía un delito de abuso de confianza y *felony,* y por tanto que su moción de sobreseimiento debió haber sido declarada con lugar en vista de que todos los delitos graves (*felonies*) han de perseguirse por acusaciones de un gran jurado. Este, sin embargo, es un proceso por virtud de la sección 10, *supra,* llamada específicamente un *misdemeanor*. Que la malversación posiblemente pudiera ser un abuso de confianza no impide que se siga un proceso por un delito menos grave (*misdemeanor*) que envuelva otro o los mismos elementos. Dice el apelante que esta clase de razonamiento es absurdo cuando se trata de una ley anticonstitucional, pero cuando discutía él este aspecto del caso no podía asumirse la inconstitucionalidad. Si la ley era anticonstitucional el proceso debe fracasar enteramente.

En el segundo señalamiento de error se ataca la capacidad de Víctor P. Martínez para formular la denuncia. Este era el esposo de la acreedora. Hay una larga serie de casos en

esta corte que conducen a la conclusión de que cualquiera y especialmente el que tiene conocimiento de los hechos puede presentar una denuncia. El apelante no nos hace cita alguna que nos obligue a variar nuestro criterio sobre el particular.

En su alegado tercer señalamiento de error ataca el apelante la constitucionalidad de la ley. Tres son las razones que menciona: (*a*) que una persona puede ser castigada más de una vez por el mismo acto, una por la venta y otra por desacato. La venta indebida es una cosa. El desacato puede ser por dejarse de entregar la propiedad de la cual está en posesión el deudor y que no ha sido vendida.

(*c*) La razón que aquí se consigna es que esta ley resultaría contraria con lo que estatuye el Código Penal respecto al abuso de confianza y conduciría, por tanto, a un absurdo. Otra vez la idea de que la acusación debe seguir la definición del delito de abuso de confianza, aunque no hay duda alguna de que la legislatura puede siempre establecer nuevos delitos que envuelven los mismos hechos. Muchos abusos de confianza podrían tal vez caracterizarse como hurtos y bajo la ley común el hurto era uno de los medios de llegar a actos de abuso de confianza.

La razón principal es la que se consigna en el apartado (*b*), o sea, que la propia sección 10 de la ley era un medio indirecto de cobrar una deuda mediante cárcel. Sobre este punto hemos tenido algunas dudas. Existe, sin embargo, una fuerte presunción en favor de la constitucionalidad de la ley. *Ponce Lighter Co.* v. *Municipio de Ponce et al.,* 19 D. P. R. 760; *El Pueblo* v. *Neagle,* 21 D. P. R. 356. La sección 10 no tiene por fin prescribir en cuanto a la falta de pago. El resto de la ley constituye al deudor en guardián o depositario de su propiedad, y la sección 10 le impone una pena por no ser fiel a su encargo o comisión. La persona que obtiene un préstamo agrícola no puede deliberadamente disponer de la propiedad garantizada sin incurrir en un delito menos grave. Si bien es cierto que la idea es la garantía de la

deuda, la obligación que se contrae para los fines del Código Penal es no disponer de la propiedad.

En cuanto a la sugestión de que estos préstamos a veces se obtienen sin que exista ninguna propiedad, la contestación es que si tal hecho se desenvuelve durante el juicio, surge entonces, si no una certeza de inocencia, una fuerte duda de la culpabilidad de uno que no habiendo tenido nunca la propiedad podía disponer de lo que no existía. A pesar de las falsas referencias dos personas no pueden contratar abiertamente en esta forma para someter a una de ellas a los castigos y penalidades de la ley. Dentro de estas circunstancias lo más probable sería que la ley no ayudaría a salir adelante al denunciante.

También supone el apelante el caso de frutos por recolectar, vendidos por el deudor confiando en su otra propiedad garantizada para el pago de la deuda, y supone entonces que se pierda esta otra propiedad. Si el deudor, sin embargo, dispusiese de los frutos después de haber convenido no hacerlo, correría el peligro de un proceso. Aun cuando tenga razón el apelante tal situación podría quizá excluirse del efecto de la ley sin destruir su constitucionalidad para otros fines.

Nos inclinamos a convenir con el apelante en que no podía castigarse a una persona por desacato por no entregar una propiedad inexistente, pero ésta no es una causa por desacato.

Según hemos indicado si bien pueden existir dudas de si en algunos casos la ley en cuestión no puede someter a una persona a sufrir prisión por deuda, el apelante nada ha presentado a nuestra consideración que nos convenza de la anticonstitucionalidad de dicha ley.

En cuanto al cuarto error o que el acusado en realidad ha sido puesto en peligro por el mismo delito, ya hemos indicado que el desacato descrito en la sección 10 y la disposición de la propiedad no envuelven necesariamente los mismos hechos.

La sección 45 del Código Penal permite, además, la co-existencia de un desacato y un delito.  Dudamos también, en vista de los autos, de si la defensa de haber estado expuesto el acusado por segunda vez fué debidamente levantada.

Los demás errores alegados se refieren a la apreciación de la prueba, etc.  Encontramos que la prueba es suficiente y no la expondremos en detalle.  Parte de la prueba consistió en admisiones o confesiones del acusado respecto a la disposición de la propiedad.  Dice el apelante que la alegada confesión no se hizo de acuerdo con la ley pero deja de especificar la razón y no hay señalamiento de error en este sentido.  Ni acredita tampoco el apelante que él levantara tal punto en la corte inferior.

Dice además el apelante que no se demostró que él se hizo cargo del café, pero tal hecho quedó suficientemente probado por lo que decía el contrato.

Tampoco nos aclara el apelante cómo es que el hecho de haberse renovado un contrato demostraría que no tenía él ningún café en su poder al tiempo de la renovación.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.