Ex Parte Guido Carreras, peticionario-apelado y El Pueblo de Puerto Rico, demandante y apelante; Lora Shaduskaya, interventora-apelante.

No. 3408.—*Sometido:* Abril 26, 1928. *Resuelto:* Abril 25, 1929.

*Luis Llorens Torres,* abogado del peticionario; el apelante no compareció en forma alguna; *Feliú & La Costa,* abogados de la interventora.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Dos demandantes instituyeron un procedimiento contra Guido Carreras en cobro de una suma de dinero. Durante el desenvolvimiento del caso, los demandantes solicitaron y obtuvieron una orden de arresto contra el demandado, fundándose en que éste se disponía a abandonar la isla, que ocultaba sus bienes en otra parte y carecía de dinero con que pagar el importe de la deuda. Tal arresto está justificado, por sus términos, por los artículos 144 *et seq.* del Código de Enjuiciamiento Civil. Se presentó una petición de *habeas corpus* individualmente al Juez Presidente de este Tribunal a fin de obtener la libertad de la persona así arrestada. Se expusieron varios fundamentos para la excarcelación, pero el principal motivo aducido es que el artículo 144, *supra,* está en contravención con la Carta Orgánica de Puerto Rico, la que prohibe la encarcelación por deudas. El Juez Presidente, al terminarse la vista celebrada ante él, así lo resolvió. El presente recurso ha sido interpuesto contra esa decisión.

Hemos llegado más y más al convencimiento de que siempre que se pueda obtener la intervención de una corte de distrito, los letrados deben abstenerse de radicar peticiones de *habeas corpus* ante los magistrados de esta corte, ora individual o colectivamente. No sólo están los jueces de las cortes de distrito en mejor posición de citar testigos y de oírlos, si que también las decisiones que finalmente emitan pueden ser revisadas por este tribunal en pleno. Es mucho más conveniente para la jurisprudencia de esta corte

que tengamos la cooperación de todos los jueces que la componen, y cualquier duda que tuviera alguno de ellos puede frecuentemente ser resuelta. Según dijo el Juez Presidente en relación con otra petición presentádale,

"Claro es que hay casos excepcionales y que para algo se otorgó el poder a cada juez, pero deseamos llamar la atención de la abogacía sobre el particular. Si existe alguna circunstancia que requiera la intervención inmediata de uno de los jueces de la Corte Suprema, a él debe acudirse, pero en casos corrientes debería procederse de tal modo que quedaran libres todos los jueces del tribunal para intervenir en la apelación si hubiere necesidad de establecerla." No. 3814 *Ex Parte José Alvaro Salvá*, resuelto el 15 de marzo de 1929.

Los artículos 143 y 144 del Código de Enjuiciamiento Civil leen como sigue:

"Artículo 143. Ninguna persona podrá ser arrestada en un pleito civil, excepto en los casos prescritos en este código.

"Artículo 144. El demandado puede ser arrestado como a continuación se dispone, en los casos siguientes:

"1. En una acción en cobro de dinero o por el importe de los perjuicios ocasionados en un pleito motivado por contrato expreso o tácito, cuando el demandado estuviese para irse de la Isla de Puerto Rico con intención de defraudar a sus acreedores, o cuando la acción es por ofensa voluntaria a la persona, o a su reputación, o daño a la propiedad, sabiendo que ésta pertenece a otro.

"2. En una acción por dinero o propiedad malversados, o fraudulentamente mal aplicados, o aplicados para su propio uso por un funcionario público, o por un funcionario de una corporación, o apoderado, factor, corredor, agente o empleado, mientras dure su empleo como tal, o por cualquiera otra persona con capacidad fiduciaria.

"3. En una acción para recobrar la posesión de propiedad mueble injustamente retenida cuando la propiedad o parte de ella ha sido ocultada, trasladada o enajenada para impedir que se encuentre, o que el márshal se incaute de ella.

"4. Cuando el demandado ha sido culpable de fraude al contraer la deuda o la obligación que motiva la acción; o de ocultar la propiedad o disponer de ella, por cuya razón de retenerla, detentarla, o apropiársela, se ejercita la acción.

"5. Cuando el demandado ha trasladado o dispuesto de su pro-

piedad, o está para hacerlo, con intención de defraudar a sus acreedores, declarándose fraudulentamente insolvente.''

Un examen de estos artículos revela inmediatamente el hecho de que en todo caso en que está autorizado un arresto, algo más que la existencia de una deuda ha intervenido en la conducta de la persona contra quien se trata de obtener el arresto. En este caso, el demandado, según se alega, trataba de abandonar la isla, colocándose a sí mismo, de ser ciertas las alegaciones, en la categoría de un deudor fugitivo. En los demás casos, algún fraude o algún acto voluntario autorizan el arresto. La expedición de una orden de arresto nunca depende de una mera deuda. La actuación del deudor no sólo es un acto torcitero, sino que se asemeja al campo del *mens rea,* de no penetrar en él. Su actuación es un delito o cuasi-delito. La Legislatura así lo ha decretado al aprobar el estatuto.

El caso no es nuevo en los anales de la jurisprudencia. Un gran cúmulo de ella ha sido revisado en una nota sobre el caso de *Carr* v. *State,* 106 Ala. 35, 34 L.R.A. 634. En general, el derecho al arresto depende de la constitución del estado en particular. Véase también 5 C.J. 438. Alabama estaba envuelto en el caso de *Carr* v. *State, supra.* Se presentó una acusación contra un banquero por recibir fondos siendo insolvente. La Corte Suprema resolvió que la Constitución, distinta a la de otros estados, no excluía el fraude, mientras que anteriormente la constitución del estado de Alabama así lo hacía. Por la historia de la Constitución de ese estado, la corte resolvió que no podía sostenerse la condena. Puede decirse que Alabama es la excepción que confirma la regla. De igual modo, pueden hallarse casos en que se sostiene que no pueden castigarse los actos cometidos de buena fe por un deudor insolvente; o sea, mientras el deudor generalmente trata de rehabilitarse. En el caso *Ex Parte King,* 102 Ala. 182, citado en una nota que aparece al pie de 34 L.R.A. 660, se sostuvo una condena por estafar a un hostelero, manifestando la corte que la encarcelación se

debía no a la deuda que la persona había contraído con el propietario o a fin de que la pagara, sino para castigarla por el daño que había ocasionado.

Si bien en algunos estados hay disposiciones constitucionales específicas que exceptúan el fraude de la prohibición de arresto por deuda, en otras la excepción surge de la historia de la prohibición misma. En Connecticut, por ejemplo, la prohibición era enteramente estatutoria, pero originalmente se excluyó el fraude de su esfera. El estado de Georgia aparentemente razonó en la forma en que lo hicimos nosotros al decir que el fraude es una excepción.

Hemos seguido el estatuto de California, pero en Puerto Rico tenemos una disposición constitucional distinta que no exceptúa el fraude; y, por tanto, puede hacerse distinción de los casos de ese estado, según lo hizo el apelado ante esta corte.

El caso no es nuevo en este tribunal. En el caso de *Monllor* v. *Acosta,* 27 D.P.R. 102, dijimos:

"La única otra cuestión es que el arresto fué de prisión pór deuda y por tanto en violación de la Ley Jones. La corte inferior resolvió esta alegación con decir que no era un arresto sino solamente un remedio provisional (*mesne process*), y hace referencia a 3 Cyc 398–99. El apelante nos cita el tomo 2 de R.C.L., página 482 y el 34 de L.R.A., página 634. Estas citas muestran que los estatutos como el presente deben ser interpretados estrictamente, pero no impiden que el brazo fuerte de la ley detenga a los deudores que huyen para eludir el pago de sus deudas."

Véase también el caso de *El Pueblo* v. *Jiménez,* 31 D.P.R. 351. Sin embargo, en *Monllor* v. *Acosta* no entramos muy de lleno en la cuestión ahora levantada, y el Juez Presidente se creyó en libertad de dar una nueva interpretación a este precepto de la ley. Si bien nuestra decisión pudo estar equivocada, no podemos convenir con la parte apelada en que era un *obiter dictum.*

Con el mayor respeto a la opinión del Juez Presidente, llegamos a la conclusión de que por virtud de la historia

de la disposición que estamos considerando, los casos de fraude no caen dentro de la prohibición de arresto por deuda, y que el precepto contenido en las distintas constituciones era meramente declaratorio de la ley; en otras palabras, que las cortes hubieran exceptuado el fraude aun si las constituciones no lo hubiesen hecho. Las disposiciones del artículo 144 del Código de Enjuiciamiento Civil son un resumen, aceptado casi universalmente, de las excepciones. Este artículo ha permanecido en nuestros estatutos desde el 1904, y no ha habido controversia respecto al mismo en ningún otro caso que el citado. El Congreso no lo ha puesto en tela de juicio. Tenemos, pues, aquí una aquiescencia legislativa absoluta.

Otra cuestión de falta de jurisdicción alegada merece alguna consideración. Queda cubierta por la manifestación de que si una persona que no tiene residencia o domicilio en Puerto Rico contrae una deuda aquí, y trata de abandonar el país con el propósito de defraudar a alguien, cae dentro de las disposiciones del estatuto. Podría levantarse oportunamente una cuestión de hecho ante la corte sentenciadora.

La alegación de haberse tenido la intención de defraudar fué suficientemente expresada.

*Debe revocarse la resolución apelada, y la Corte de Distrito de San Juan o el márshal de la misma quedarán en libertad de dar los pasos ulteriores que fueren necesarios.*

El Juez Presidente Sr. del Toro no intervino.