El Pueblo de Puerto Rico, demandante y apelante, *v.*
Alejandro Rodríguez, acusado y apelado.

No. 5143.—*Sometido:* Junio 7, 1933. *Resuelto:* Junio 16, 1933.

*R. A. Gómez, Fiscal,* y *T. Torres Pérez, Fiscal Auxiliar,* abogados del
apelante; *P. Baigés Gómez,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del
tribunal.

Este proceso comenzó por una denuncia presentada en la
Corte Municipal de Mayagüez, que dice:

"Yo, Rafael Martínez Peña, vecino de San Juan, P. R., calle de
Av'e. Ponce de León, número 214, mayor de edad, formulo denuncia
contra Alejandro Rodríguez por delito Abuso de Confianza, cometido
de la manera siguiente: Que en el mes de mayo de 1932 y en Ma-
yagüez, P. R. del Distrito Judicial Municipal de Mayagüez, P. R.,
el referido acusado Alejandro Rodríguez, ilegal, voluntaria, maliciosa
y criminalmente con el deliberado propósito de defraudar, como de-
fraudó a la sociedad Mercantil Regular Colectiva Méndez López y
Compañía, Sucesores, que es una sociedad comercial constituída de
acuerdo con las leyes de comercio de Puerto Rico y de la que el de-
nunciante es Inspector General, se apropió y dispuso de un juego de
muebles No. 388-6, valorado en la suma de $75.00 que le fuera con-
fiado por la referida mercantil Méndez López y Compañía al dicho
acusado Alejandro Rodríguez, en su carácter de agente vendedor y
cobrador de dicha mercantil, y recibido por éste en el curso de sus
deberes como tal agente, dispuso el acusado del referido mueble o
de su importe, valor o producto, utilizándolo en su propio y particu-
lar beneficio y defraudando de este modo a la dicha mercantil antes

citada, Méndez López y Compañía, Sucesores, en la referida suma de $75.00, moneda legal de los E. U. de A. Hecho contrario a la ley.

"Siendo testigos: Francisco Díaz Bussó, Ave. Ponce de León No. 214, Stop 22, Santurce; Rafael Espino, Ave. Ponce de León No. 214, Stop 22, Santurce; Fernando Ortiz (chauffeur), Post St. No. 77 Interior; Felipe López, Res. en Santurce, P. R.

"(Fdo.) Rafael Martínez Peña, Denunciante.—Jurada ante mí hoy 17 de oct. de 1932.—(Fdo.) F. Souffront, Sec. de la Corte Municipal, Mayagüez."

Condenado el acusado por la corte municipal, apeló para ante la de distrito y allí ocurrió lo que con claridad y amplitud se narra en la resolución que sigue:

"El día dos de marzo de mil novecientos treinta y tres, día señalado para la vista del juicio en este caso que procede en grado de apelación de la Corte Muncipal de Mayagüez, compareció El Pueblo de Puerto Rico representado por el Hon. Fiscal de este distrito, Lcdo. José R. Gelpí y el acusado personalmente y asistido de uno de sus abogados defensores, Lcdo. Pedro Baigés Gómez.

"Leída que fué por el secretario de esta Corte la denuncia, el acusado antes de hacer ninguna otra alegación, solicitó de esta corte ordenara el sobreseimiento y archivo del proceso porque el mismo no se había iniciado de acuerdo con lo dispuesto en el artículo 22 del Código de Enjuiciamiento Criminal vigente, tal cual fué enmendado por la ley de 12 de marzo de 1903.

"El acusado alega como fundamentos de su petición que de acuerdo con las alegaciones de la denuncia, la supuesta perjudicada es una sociedad comercial denominada 'Méndez López y Compañía', y la denuncia fué jurada por Rafael Martínez Peña. Que dicho Rafael Martínez Peña, el denunciante, no es socio de la referida sociedad mercantil, como tampoco tiene ninguna participación o interés en los negocios de la misma. Él es un empleado a sueldo y tiene a su cargo la inspección general de esa mercantil. Que él no ha sufrido perjuicio alguno por los hechos que se imputan al acusado y por tanto no es el perjudicado, ni es una autoridad o funcionario que tenga conocimiento del hecho que motiva este proceso o haya arrestado al acusado. Que a pesar de ser la persona que juró la denuncia, él no tiene conocimiento directo de los hechos y que todo lo que sabe es por información y creencia, producto de una investigación que practicara. Y finalmente alega el acusado que no siendo perjudicada la persona que juró la denuncia; que no tiene conocimiento directo de

los hechos que motivan este proceso, como tampoco es un funcionario o autoridad que tenga conocimiento de los hechos o que haya arrestado al acusado, dicha persona no tiene capacidad legal para jurar la denuncia y por tanto no existe en este caso denuncia debidamente jurada, para que a base de la misma se iniciara el proceso en la Corte Municipal de Mayagüez. Que el acusado sometió oportunamente esta misma cuestión ante la Corte Municipal de Mayagüez.

''Las partes por medio de sus respectivas representaciones estipularon admitir como ciertos los hechos alegados en la antes mencionada moción en relación con las circunstancias de la persona que aparece jurando la denuncia, esto es, las condiciones del denunciante Rafael Martínez Peña. Esta corte aprobó dicha estipulación.

''El Pueblo de Puerto Rico por medio del Hon. Fiscal de este distrito se opuso a lo solicitado por la defensa, alegando que el denunciante Rafael Martínez Peña tiene capacidad legal para jurar la misma, de acuerdo con el artículo 22 del Código de Enjuiciamiento Criminal vigente.

''La Corte, luego de oír los argumentos orales de las partes, se reservó su resolución hasta este día.

''El artículo 22 del Código de Enjuiciamiento Criminal vigente tal cual fué enmendado por la ley de 12 de marzo de 1903, en su texto inglés, dice como sigue:

'' 'Section 22.—All cases within the jurisdiction of the justice of the peace must begin by sworn complaint of the complaining witness, or of the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made.'

''La Corte ha examinado y estudiado los casos de El Pueblo vs. Nochera, 23 D.P.R. página 605; El Pueblo vs. Maymón, 24 D.P.R. 61 y El Pueblo vs. Jiménez, 31 D.P.R. 351 interpretando el artículo 22 del Código de Enjuiciamiento Criminal vigente, después de enmendado por la ley de 12 de marzo de 1903, y aunque en ninguno de ellos se resuelve la cuestión legal tal cual ha sido planteada en este caso, en el caso de El Pueblo vs. Nochera, 23 D.P.R. página 607, el Tribunal Supremo de Puerto Rico, interpretando dicho artículo dijo como sigue:

'' 'Antes de ser reformado dicho artículo sólo podía hacer la denuncia la persona perjudicada y la enmienda no tuvo otro objeto que el de permitir que también la hicieran otras personas, tales como la autoridad que tuviera conocimiento del hecho o que hubiera verificado el arresto del acusado.'

''De acuerdo con la sentencia en ese caso, la denuncia en este caso solamente podría ser jurada por la persona o entidad perjudicada

(complaining witness) o por una autoridad o funcionario que tuviera conocimiento del hecho o que hubiera arrestado al acusado. Cualquier persona en Puerto Rico no puede jurar una denuncia en una corte de paz o municipal; es necesario que reúna cualquiera de las condiciones que exige el artículo 22 del Código de Enjuiciamiento Criminal vigente, y el denunciante en este caso, Rafael Martínez Peña no reúne ninguna de ellas.

"La Corte es de opinión que el proceso en este caso no fué iniciado debidamente ante la Corte Municipal de Mayagüez porque el denunciante no tenía capacidad legal para jurar la denuncia, y por tanto, declara con lugar la moción del acusado y ordena el sobreseimiento y archivo de la denuncia, con costas de oficio.''

No conforme el fiscal interpuso el presente recurso de apelación.

La ley aplicable está contenida en el artículo 22 del Código de Enjuiciamiento Criminal que tal como estaba redactado en 1902 cuando el código fué aprobado, decía:

En inglés:

"Section 22.—Before a warrant shall issue in any case a complaint must be made by affidavit of the complaining witness, written by the justice of the peace or his secretary, clearly charging therein the offense committed, and such affidavit must be signed by said complaining witness.''

Y en español:

"Artículo 22.—Antes de dictarse mandamiento de arresto en una causa, deberá presentarse denuncia mediante declaración jurada del querellante, que extenderá el juez o su secretario, especificando claramente el delito cometido, la cual declaración deberá firmar el querellante.''

Y que desde 1903 quedó enmendado y rige, como sigue:
En inglés:

"Sec. 22.—All cases within the jurisdiction of the justices of the peace must begin by sworn complaint of the complaining witness, or of the authority or officer having knowledge of the deed, or by whom the arrest of the offending party was made.''

Y en español:

"Artículo 22.—Todo caso en que tenga jurisdicción el juez de

paz, empezará por denuncia jurada del denunciante o de la autoridad o funcionario que tenga conocimiento del hecho, o que haya arrestado al acusado.''

¿Quién podía ser el ''complaining witness'', ''querellante'', en 1902 y quién debe ser el ''complaining witness'', ''denunciante'' a partir de la enmienda de 1903?

La enmienda de 1903 eliminó la prescripción de que fueran el juez o su secretario los que extendieran la denuncia mediante declaración jurada del ''complaining witness'', ''querellante'', y expresamente dispuso que la causa podía empezar a virtud de denuncia jurada de la autoridad o funcionario que tuviera conocimiento del hecho o que hubiera arrestado al acusado. En cuanto al comienzo de la causa a virtud de denuncia jurada del ''complaining witness'', ''querellante'', ''denunciante'', sólo varió la ley en español. En 1902 se dijo ''querellante'', y en 1903 ''denunciante'', palabras que aunque tienen al parecer igual significado, se diferencian en verdad.

''Querellante'', según el Diccionario de la Real Academia Española, es el ''que se querella'' y ''querella'' de acuerdo con la misma autoridad, en su tercera acepción que es la que corresponde tomar en cuenta en este caso, significa ''acusación propuesta ante el juez contra uno, en que se le designa como reo de un delito cuyo castigo pide el agraviado.''

''Denunciante'' es el ''que denuncia'', ''el que hace una denuncia.'' ''Denuncia'' es ''acción y efecto de denunciar. Noticia que de palabra o por escrito se da a la autoridad competente de haberse cometido algún delito o falta. Documento en que consta dicha noticia.'' Y ''denunciar'', en la acepción correspondiente a este caso, significa ''dar a la autoridad parte o noticia de un daño hecho, con designación del culpable o sin ella.'' Seguimos también al Diccionario de la Real Academia.

Se ve, pues, que el ''querellante'' es el agraviado, condición que no acompaña siempre al ''denunciante.''

Examinemos la cuestión suscitada a la luz de nuestra propia jurisprudencia. La corte de distrito la resolvió en el sen-

tido de que sólo la persona perjudicada, o la autoridad o funcionario que tuviera conocimiento del delito o que hubiere arrestado al acusado, tenían facultad para formular la denuncia, basándose en nuestra decisión en el caso de *El Pueblo* v. *Nochera*, 23 D.P.R. 605. En ella dijo esta corte por medio de su Juez Asociado Sr. Aldrey:

"Antes de ser reformado ese artículo (el 22 del Código de Enjuiciamiento Criminal) sólo podía hacer la denuncia la persona perjudicada y la enmienda no tuvo otro objeto que el de permitir que también la hicieran otras personas, tales como la autoridad o funcionario que tuviera conocimiento del hecho o que hubiera verificado el arresto del acusado."

Tendría entera razón la corte de distrito para invocar la autoridad del caso de Nochera, supra, para sostener su resolución, si esta corte no hubiera dicho que "la enmienda no tuvo otro objeto que el permitir que también la hicieran (la denuncia) *otras personas, tales como.*" Se ve que esta corte tuvo ante sí el texto español de la ley al emitir su opinión fijándose en la diferente significación de las palabras "querellante" y "denunciante" usadas en el artículo 22 antes y después de la enmienda. Dijo *otras personas, tales como* la autoridad o funcionario que tuviere conocimiento del delito o que hubiere verificado el arresto. Ello no implica que tales autoridad o funcionario fueran las únicas otras personas. No decidió directamente si además de la parte agraviada podría formular la denuncia cualquiera otra persona que tuviera conocimiento del delito, pero nada tampoco en contrario resolvió.

Unos tres meses después del caso de Nochera, supra, decidió esta corte el de *El Pueblo* v. *Maymón*, 24 D.P.R. 61 y hablando también por su Juez Asociado Sr. Aldrey, se expresó así:

"En el caso de El Pueblo v. Nochera, 23 D.P.R. 605 tratando la misma cuestión que plantea el apelante en cuanto a la insuficiencia de la denuncia dijimos que de acuerdo con el artículo 22 del Código de Enjuiciamiento Criminal no es necesario que en la denuncia se ale-

gue que el denunciante conoce los hechos por propio conocimiento, o por información que cree cierta o por haber arrestado· al denunciado.''

Y siete años más tarde en el caso de *El Pueblo* v. *Jiménez*, 31 D.P.R. 351, 352, dijo esta corte, hablando por su Juez Asociado Sr. Wolf:

''En el segundo señalamiento de error se ataca la capacidad de Víctor P. Martínez para formular la denuncia. Éste era el esposo de la acreedora. Hay una larga serie de casos en esta corte que conducen a la conclusión de que cualquiera y especialmente el que tiene conocimiento de los hechos puede presentar una denuncia. El apelante no nos hace cita alguna que nos obligue a variar nuestro criterio sobre el particular.''

Examinemos ahora la jurisprudencia del continente. Resumiéndola dice Corpus Juris:

''Es regla del derecho común de origen inmemorial que en ausencia de un requisito estatutario en sentido contrario, las denuncias pueden ser presentadas por cualquier persona que legalmente pueda ser testigo y que tenga conocimiento o información de cualquier infracción del derecho penal; mas a veces la autoridad para presentar denuncias en determinados casos está reglamentada por estatuto. No se necesita disposición expresa estatutaria para autorizar a personas particulares para presentar denuncias ante un magistrado. De suerte que una acusación puede ser suscrita y jurada por el fiscal, siempre que tenga conocimiento personal de la comisión de un delito, o por cualquier otro funcionario designado por el estatuto para ejercer tal función, como por ejemplo uno de los miembros del gran jurado. Cuando el estatuto provee quién actuará a este respecto la persona que actúa debe tener la autoridad legal provista por el estatuto. Mas el mero hecho de que ciertos funcionarios estén autorizados para presentar denuncias no les da necesariamente el derecho exclusivo a hacerlo así. La regla de que cualquier persona que esté capacitada para comparecer como testigo y tenga conocimiento de los hechos puede radicar una denuncia en una causa criminal permite que una esposa sea la denunciante de su marido. La declaración jurada de una persona convicta de delito grave es válida y otorga jurisdicción para expedir un mandamiento cuando tal persona no está incapacitada para testificar; y parece haberse considerado válida aun cuando esa persona no es un testigo competente.'' 16 C. J. 289, 290.

Las notas contienen citas de decisiones de varios estados. Hemos examinado algunas y aunque se refieren a casos que revisten circunstancias especiales, sostienen el principio general enunciado, a saber, que no es absolutamente necesario que el *complaining witness* sea la parte agraviada, bastando que tenga conocimiento del hecho que denuncia.

¿Qué conocimiento? Aunque las partes ante esta Corte Suprema no han argumentado este punto en debida forma, se observa que en los hechos alegados por el acusado en la corte de distrito y aceptados como ciertos por el fiscal se dió énfasis no sólo a la circunstancia de que el denunciante no era la persona perjudicada por el delito denunciado, si que también a la de que no tenía conocimiento directo de los hechos que motivaban el proceso.

De la denuncia misma lo que consta es una acusación directa bajo juramento, que obliga al denunciante. Lo alegado expresamente por el acusado y admitido por el fiscal, según la exposición del caso fué:

"Que el denunciante Rafael Martínez Peña no es socio de la mercantil 'Méndez López y Compañía' que es la supuesta perjudicada en este caso, como tampoco tiene ninguna participación o interés en los negocios de la misma, siendo un empleado a sueldo y teniendo a su cargo la inspección general de los negocios de dicha firma. Que a pesar de ser la persona que juró la denuncia, él no tiene conocimiento directo de los hechos y que lo que sabe es por información y creencia, producto de una investigación practicada."

Resumiendo Corpus Juris la jurisprudencia sobre la clase de conocimiento que debe tener el denunciante, dice:

"En algunas jurisdicciones la denuncia o declaración jurada debe aducir que los hechos alegados le constan al denunciante de conocimiento propio; cuando los aduce por referencia o por información y creencia, no se puede expedir una orden de arresto, y si el acusado ha sido arrestado debe ponérsele en libertad. En varios estados una declaración jurada basada en información y creencia es suficiente para demostrar la existencia de causa probable siempre que se expongan hechos que demuestren la fuente de información y los motivos de la creencia. Aun en jurisdicciones en que se exige que la denuncia o

declaración jurada aduzca hechos que le consten al denunciante de propio conocimiento, se ha resuelto que si el acusado voluntariamente se somete a un examen preliminar y es detenido a virtud de prueba admisible que complemente una declaración jurada por información y creencia, puede considerarse que él ha renunciado tal defecto.'' 16 C. J. 292, 293.

Y como no se nos ha citado, ni conocemos precepto alguno de ley que exija en Puerto Rico que el conocimiento del denunciante sea directo, creemos que una persona que como la que denunció el delito en este caso si bien no era socio de la mercantil defraudada, era su inspector general y llegó a conocer los hechos a virtud de informaciones que obtuvo y que creyó ciertas en la investigación que practicara al efecto, tiene conocimiento bastante para formular bajo juramento una denuncia, que puede servir de base a la formación de un proceso, especialmente cuando en ella se consignan los testigos del caso que pueden ser examinados por el juez para cerciorarse de si existe causa probable antes de proceder a expedir el mandamiento de arresto.

*Habiendo llegado a las anteriores conclusiones, se impone la revocación de la resolución apelada y la devolución de la causa a la corte de distrito de su origen para que siga conociendo de ella de acuerdo con la ley.*