TEXTO COMPLETO DE LA RESOLUCION Y ORDEN URGENTE
El 1ro. de septiembre de 1995, a las 6:30 de la tarde el menor C.G.C. presentó ante nos una solicitud de expedición de Hábeas Corpus donde cuestiona la legalidad de su detención. En la misma expone, en síntesis, que se encuentra detenido en el Centro de Detención de Menores de Humacao; que se le violó su derecho ajuicio rápido en contravención con lo dispuesto en la Regla 2.9 (d) de las Reglas de Procedimientos de Menores.
Por los fundamentos expuestos a continuación, declinamos ejercer nuestra jurisdicción original en el presente caso.
I
La Ley de la Judicatura de Puerto Rico de 1994, en su Artículo 4.002 (d) confirió jurisdicción a este Tribunal para conocer en primera instancia de una petición de Hábeas Corpus. El Reglamento del Tribunal de Apelaciones, aprobado por el Tribunal Supremo de Puerto Rico, que entró en vigor el 24 de enero de 1995, en lo que a los recursos de Hábeas Corpus respecta, en su Regla 22 inciso (E) provee como sigue:

"En todo caso en que el Tribunal de Circuito de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos."

*926 La determinación de si debe asumirse jurisdicción original por parte de un foro apelativo en recursos de esa naturaleza "no constituye una camisa de fuerza, sino un medio de hacer justicia en casos que presenten circunstancias extraordinarias". Chamberlain v. Delgado, 92 D.P.R. 6, 14 (1960). La función esencial del foro apelativo es servir como órgano de revisión o de apelación. El Tribunal Supremo de Puerto Rico en el caso Ex parte Guido Carreras, 39 D.P.R. 488 (1929) expresó lo siguiente:
"Hemos llegado más y más al convencimiento de que siempre que se pueda obtener la intervención de una corte de distrito, los letrados deben abstenerse de radicar peticiones de hábeas corpus ante los magistrados de esta corte, ora individual o colectivamente. No sólo están lo jueces de las cortes de distrito en mejor posición de citar testigos y de oírlos, si que también las decisiones que finalmente emitan pueden ser revisadas por este tribunal en pleno'". Ex parte Guido Carreras, supra, págs. 489-490.
II
Por lo antes expuesto declinamos el ejercicio de nuestra jurisdicción original, y en consecuencia se ordena que inmediatamente se traslade el presente^ recurso. aLTribunal de Primera Instancia, Sala de Humacao, para que, sin demora alguna, intervenga en el mismo.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Notifíquese vía facsímil y por la vía ordinaria.
María de la C. González Cruz
Secretaria General