FAGOT, PETICIONARIO Y APELANTE, Y EL PUEBLO, OPOSITOR
Y APELADO.

No. 2238.—*Visto:* Abril 1, 1924. *Resuelto:* Julio 23, 1924.

*Habeas Corpus*—EXTRADICIÓN—FUGITIVO DE LA JUSTICIA.—Para que una persona
pueda ser considerada como fugitivo de la justicia de un determinado Estado
es esencial que habiendo estado allí lo haya abandonado, se encuentre den-
tro del Estado o Territorio al que se pide la entrega y que haya incurrido
en culpabilidad antes de dejar aquel Estado y mientras físicamente estuvo
allí. Las palabras fugitivo de la justicia no comprenden una persona que
nunca ha estado en el país del cual se dice que ha huído.

ÍD.—ÍD.—ÍD.—La afirmación del Gobernador en una orden de arresto para extra-
dición respecto a que la persona que va a ser arrestada es un fugitivo de la
justicia, es correcta solamente *prima facie* y puede ser revisada por los tri-
bunales en un procedimiento de *habeas corpus.*

ÍD.—ENMIENDAS A LA PETICIÓN—ABUSO DE DISCRECIÓN.—Constituye abuso de dis-
creción el negar permiso para radicar antes de la vista del *habeas corpus*
una petición suplementaria en la cual se alegan de manera más amplia los
mismos hechos de la petición original.

RESOLUCIÓN de *R. Díaz Cintrón,* J. (Ponce), en procedimiento de
habeas corpus, desestimando la solicitud. *Revocada.*

F. *Parra* y *R. Díaz Collazo,* abogados del apelante; *Attorney Gen-
eral* y *J. E. Figueras* y *C. Llauger,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Emilio Fagot, Jr., presentó una solicitud de *habeas cor-
pus* en la Corte de Distrito de Ponce alegando bajo jura-
mento lo siguiente: ser mayor de edad por emancipación,
casado, nativo de la ciudad de Ponce, P. R., donde siempre
ha residido, ciudadano americano y que se encuentra pri-
vado de su libertad en la cárcel del distrito de Ponce, siendo
su prisión ilegal por los siguientes motivos: (*a*) porque se-
gún sus informes se halla sujeto a una acusación que se le
hace por un delito menos grave según las leyes del Estado
de Massachusetts, imputándosele haber abandonado a su es-
posa Helen V. West, y al efecto el Gobernador de Mas-
sachusetts pretende extraditar al peticionario desde esta isla
para dicho Estado por mediación del Gobernador de esta
isla, sin haberse llenado las formalidades legales para ejerci-
tar el procedimiento de extradición, gozando el peticionario

de los privilegios que las leyes locales garantizan a los habitantes residentes aquí: (b) porque no ha cometido delito alguno en esta isla ni en Massachusetts por el cual pueda perseguírsele y castigársele: (c) porque aun cuando hubiera podido cometer un delito menos grave en el Estado de Massachusetts, dicho delito estaría prescrito por haber transcurrido más de un año desde que pudiera haber sido cometido: (d) porque no existe un mandamiento de arresto válido ni de encarcelación: (e) porque si bien existe un mandamiento firmado por el Gobernador de esta isla autorizando el arresto del peticionario, copia del cual agrega a su petición, dicho documento no es suficiente para mantener encarcelado al peticionario.

El documento a que se hace referencia dice así:

"Casa de Gobierno.—Yo, Horace M. Towner, Gobernador de Puerto Rico, al Jefe de la Policía Insular de Puerto Rico o a cualquier miembro de la expresada fuerza: Por cuanto, se me ha hecho una requisitoria como Gobernador de la isla de Puerto Rico por Su Excelencia, Chaming H. Cox, Gobernador de la Comunidad de Massachusetts, para el arresto y entrega de Emilio Fagot, el más joven de ese apellido, a quien se le acusa de los delitos de dejar de atender sin motivo al sostenimiento de su esposa, de abandonarla sin justa causa y sin dejar atendida la cuestión de su sostenimiento, abandonándola y dejándola en peligro de llegar a convertirse en una carga para el público, lo cual es un delito bajo las leyes de la Comunidad de Massachusetts; y por cuanto, se me ha informado por Su Excelencia, Chaming H. Cox, Gobernador de la Comunidad de Massachusetts, que dicho Emilio Fagot, el más joven de ese apellido, ha huído de la justicia en ese Estado y se ha refugiado en esta isla; y habiéndome exigido el referido Gobernador de la Comunidad de Massachusetts de acuerdo con la Constitución y Leyes de los Estados Unidos, que proceda a verificar el arresto del expresado Emilio Fagot, el más joven de ese apellido, y su entrega a John F. Dyer, quien ha sido autorizado para recibirlo bajo su custodia y trasladarlo a la Comunidad de Massachusetts; y por cuanto, dicha requisitoria y pedimento está acompañado de una información del Gran Jurado del Condado de Suffolk, Massachusetts, y de una declaración jurada (affidavit) suscrita por Helen V. Fagot, por la cual al expresado Emilio Fagot, el más joven de ese apellido, se le

acusa de la comisión de los indicados delitos y de haber huído del referido Estado refugiándose en esta isla, quien en la actualidad vive en la calle Atocha, ciudad de Ponce, Puerto Rico; por tanto, se le requiere a usted para que verifique el arresto del susodicho Emilio Fagot, el más joven de ese apellido, y lo entregue a la custodia del alcaide de la cárcel del distrito de Ponce, Puerto Rico, donde deberá permanecer temporalmente hasta que se verifique su entrega a John F. Dyer, para ser trasladado a la Comunidad de Massachusetts, de donde huyó.—Dado bajo mi firma y sello de la Isla de Puerto Rico, en esta ciudad de San Juan, hoy día 7 de noviembre, en el año de Nuestro Señor 1923. Por el Gobernador:—(fdo.) E. J. Saldaña, Secretario Ejecutivo.—(fdo.) H. M. Towner, Gobernador.''

Después de presentada la petición original de *habeas corpus* y antes de tener lugar la vista de este procedimiento, el peticionario presentó una solicitud suplementaria sin solicitar permiso de la corte y el día de la comparecencia de las partes le pidió que le concediera ese permiso, pero la corte decretó la eliminación de la petición suplementaria y desestimó la petición original.

El primer motivo de error alegado por el peticionario en apoyo de su recurso contra esa resolución es que la corte inferior cometió error al ordenar la eliminación de su petición suplementaria.

Si bien en esa petición suplementaria se alegan los mismos hechos que en la original se diferencia de ésta en que sus alegaciones son más amplias, de tal modo que si son ciertas harían procedente la excarcelación del peticionario. Así, en la petición original alegó el peticionario que no ha cometido delito alguno en esta Isla ni en Massachusetts, y en la petición suplementaria dice, además, que no es un fugitivo de la justicia del Estado de Massachusetts porque en ningún momento para la fecha que se alega la comisión del delito estuvo corporal ni físicamente en ese Estado ni realizó en él el delito que se le imputa, ni ningún otro delito, y que se encuentra en esta Isla desde el 6 de julio de 1922 en cuya fecha regresó de Nueva York a los pocos días de

haber contraído matrimonio en ese Estado, sin haber en ningún momento después de esa fecha estado físicamente ni en ninguna otra forma dentro de los límites jurisdiccionales del Estado de Massachusetts: también alega que no abandonó a su esposa Helen V. West, no pudiendo, por tanto, ser un fugitivo de la justicia de Massachusetts porque siempre estuvo y está dispuesto a que su esposa venga a residir en esta Isla, lo que ella no ha querido hacer, prefiriendo reclamar su presencia en Massachusetts en contra de toda razón, de todo principio legal de las disposiciones de los estatutos personales y de lo preceptuado en el artículo 158 del Código Civil, según el cual la mujer está obligada a seguir a su marido dondequiera que fije su residencia, habiendo ella optado por sugerir la conveniencia de divorciarse cuando debía regresar a esta Isla, a lo que está dispuesto el peticionario pagándole los gastos de viaje.

Para que una persona pueda ser considerada como fugitiva de la justicia de un determinado Estado es esencial que habiendo estado allí lo haya abandonado, se encuentre dentro del Estado o Territorio al que se pide la entrega y que haya incurrido en culpabilidad antes de dejar aquel Estado y mientras físicamente estuvo allí. 25 C.J. 257. Las palabras fugitivo de la justicia no comprenden una persona que nunca ha estado en el país del cual se dice que ha huído, pues él debe haber estado allí, haber cometido el delito y haber huído. *Jones* v. *Leonard,* 50 Iowa 106–108, 32 Am. Rep. 116; *Taft* v. *Lord,* L.R.A. 1918 E 547. El caso de *Ex parte Shoemaker,* 25 Cal. A 551, es muy interesante sobre este punto pues comprende muchas cuestiones relacionadas con él.

Es cierto que la orden de arresto del Gobernador de esta Isla declara que el peticionario es un fugitivo de la justicia pero su decisión es correcta solamente *prima facie* y puede ser revisada por los tribunales en un procedimiento de *habeas corpus. McNichols* v. *Pease,* 207 U.S. 100; *Ex parte Shoemaker, supra.*

La otra alegación respecto a que la mujer debe seguir a

su marido dondequiera que fije su residencia es interesante, pero no tenemos que tratarla ahora porque el peticionario alega que nunca ha estado dentro de los límites territoriales del Estado de Massachusetts.

En vista de lo expuesto opinamos que la corte inferior abusó de su poder discrecional al no conceder permiso al peticionario para radicar su petición suplementaria y erró al eliminarla, y que la *resolución apelada debe ser revocada por este motivo* y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.