CONSUELO BURGOS, peticionaria, *v.* NIEVES TARRIDO, Alcaide de la Cárcel de Distrito de Arecibo, demandado.

Número 677.

*Sometido:* 18 de marzo de 1954. *Resuelto:* 23 de marzo de 1954.

*Santos P. Amadeo,* abogado de la peticionaria.

*Per Curiam:* La peticionaria, por su abogado Santos P. Amadeo, ha solicitado la reconsideración de nuestra resolución del 16 de marzo de 1954 en la que dijimos:

"Siendo el Tribunal de opinión que no debe ejercitar su jurisdicción original, no ha lugar."

a la solicitud de dicha peticionaria interesando la expedición de un auto de hábeas corpus.

En su moción de reconsideración dicho abogado sostiene que este Tribunal no tiene poder para dictar una resolución de tal naturaleza. Esa contención es completamente errónea. Este Tribunal ha actuado en la misma forma en diversos casos en el pasado. El poder para hacerlo ha sido reconocido por la Corte de Apelaciones de los Estados Unidos para el Primer Circuito en *Jiménez* v. *Jones,* 195 F.2d 159 (C. A., 1, 1952). El abogado de la peticionaria no cita ese caso, pero tiene que conocerlo, porque representó a la parte perdidosa en el mismo. La sección 13 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico no ha alterado, en modo alguno, nuestro poder en ese sentido.

En el caso de *Jiménez* la Corte de Apelaciones citó con aprobación lo que dijéramos en *Ex parte Guido Carreras,* 39 D.P.R. 488, 489:

"Hemos llegado más y más al convencimiento de que siempre que se pueda obtener la intervención de una corte de distrito, los

letrados deben abstenerse de radicar peticiones de hábeas corpus ante los magistrados de esta Corte, ora individual o colectivamente. No sólo están los jueces de las cortes de distrito en mejor posición de citar testigos y de oírlos, si que también las decisiones que finalmente emitan pueden ser revisadas por este tribunal en pleno."

Al comentar sobre nuestra facultad, dicha Corte de Apelaciones expuso en el caso de *Jiménez*, pág. 163, lo siguiente:

".. . No tenemos duda que el Tribunal Supremo de Puerto Rico tiene completa autoridad para adoptar y aplicar esa práctica al disponer de peticiones originales de hábeas corpus; no es substancialmente distinto, a lo que la Corte Suprema de los Estados Unidos ha hecho .. ."

*La solicitud de reconsideración será denegada.*