# 98 DTA 206

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

HECTOR L. RIVERA CARRERO
Recurrente

v.

ADMINISTRACION DE CORRECCION
Recurrido

Núm. KLRA-97-00843

San Juan, Puerto Rico, a 14 de agosto de 1998

Panel integrado por su Presidente, el Juez Rossy García
y los Jueces Martínez Torres y Rodríguez García

Martínez Torres, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Héctor L. Rivera Carrero, aquí recurrente, alega que, mientras cumplía una Sentencia en una institución penal en el pueblo de Aguadilla, se le concedió un permiso para ser trasladado a un Hogar de Adaptación Social *("H.A.S.")*. En el mes de febrero del año 1997, Rivera Carrero fue trasladado al H.A.S Permaneció allí durante un período indeterminado. Alega Rivera Carrero que, además de participar satisfactoriamente en programas y privilegios del H.A.S., nunca se le adjudicó una querella en su contra y que sostuvo buenas relaciones allí. Asimismo, alega Rivera Carrero que el 27 de octubre de 1997, el Comité de Reclasificación y Tratamiento se reunió y, sin efectuar una vista, decidió revocarle el privilegio.

Así, Rivera Carrero fue reingresado a la institución penal. Posteriormente, Rivera Carrero solicitó reconsideración de la consabida determinación. El día 9 de diciembre de 1997, el Sr. Carlos A. Rivera Pérez, Director de Programas de Desvío y Comunitarios, denegó la reconsideración sometida por el recurrente, Rivera Carrero. Al denegarla, el Director de Programas resolvió la solicitud como si se tratase de una solicitud para reingresar al programa y no como una revocación. Eventualmente, Rivera Carrero solicitó *"revisión urgente"* al Tribunal de Primera Instancia, Sala Superior de Mayaguez. Por entender que se trataba de una revisión administrativa, se nos refirió la demanda que nos ocupa. En su escrito, Rivera Carrero plantea que fue privado de su propiedad o libertad sin el debido proceso de ley, toda vez que se le revocó un privilegio sin efectuarse una vista.

El día 16 de enero del año en curso, emitimos orden para que, en treinta (30) días, la Administra-

ción de Corrección mostrara causa por la cual no debía revocarse el dictamen y ordenar la celebración de una vista. La orden fue notificada ese mismo día tanto a la Administración de Corrección como al Procurador General. Han transcurrido más dc siete (7) meses desde que dictamos la orden, y aún la Administración de Corrección no ha comparecido.

Estudiados los argumentos del recurrente, nos encontramos en posición de resolver. Así, acogemos el recurso como un *mandamus* y lo remitimos al Tribunal de Primera Instancia, Sala Superior de Mayaguez, para que se celebre una vista, a la mayor brevedad posible, para dilucidar los planteamientos del recurrente. La vista debe celebrarse acorde con las disposiciones pertinentes del Reglamento 1986 de la Administración de Corrección, conocido como Reglamento para los Procedimientos Disciplinarios de las Instituciones de la Administración de Corrección.

El presente recurso originalmente fue tramitado como una revisión administrativa. No lo es. El recurso ante nos no puede considerarse como una revisión administrativa pues no hubo trámite administrativo alguno. Para considerar el presente recurso como una revisión administrativa, era necesario que se cumpliera con las disposiciones reglamentarias sobre la revocación de un privilegio. Cuando el Comité de Evaluación y Tratamiento decidió revocarle el privilegio, no celebró vista alguna. La reconsideración solicitada por Rivera Carrero fue considerada como un reingreso, es decir, la solicitud de un privilegio. Esa es la raíz del problema. De los hechos esbozados en la solicitud ante nos, parece que no estamos ante la denegación de un privilegio sino que se trata de la revocación del mismo. Si así fuera, correspondería que la agencia cumpliera los pasos dispuestos en su reglamento, a saber; celebrar una vista administrativa en la institución, notificar la querella por escrito al confinado, con por lo menos cinco días de antelación a la vista (en ésta se le indicará la fecha, hora, y lugar de la Comisión de los hechos y la fecha, hora y lugar en que se celebrará la vista); asimismo, se le notificarán las posibles sanciones o medidas a que estaría sujeto si se probasen los Cargos de la querella. Además, si se tratase de una ofensa grave, menos grave o falta mayor, el recluso deberá estar representado por abogado o estudiante de derecho. (Regla 20, Reglamento para Procedimientos Disciplinarios, infra, nota 1.)

Entonces, si se revocara el permiso al recurrente Rivera Carrero, podría éste solicitar la reconsideración del fallo a los tres (3) días de habérsele notificado (Regla 26, *id)*. Además, el querellado afectado por una decisión o reconsideración podrá solicitar la revisión de la determinación ante un Comité de Revisión, compuesto por tres (3) miembros. (Regla 27, *id.*) Para acudir a dicho Comité el querellado o su representante legal tendrá tres (3) días, a partir de la notificación, para radicar una moción escrita de revisión, la cual deberá notificársele a quien presidió la vista. (Regla 28, *id.*) Una vez quede el caso sometido, el Comité decidirá la acción a tomar dentro de los próximos diez (10) días. (Regla 30, *id.*) Notificada la acción del Comité, comienza a correr el término para instar la revisión judicial. Por ello, debe determinarse si la Administración de Corrección violentó las disposiciones del debido proceso de ley contenidas en los reglamentos ■ de dicha agencia al revocarle el privilegio a Rivera Carrero.

En realidad, corresponde al Tribunal de Primera Instancia atender este recurso. Ese es un *"tribunal de jurisdicción original general..."*, autorizado a entender en todo recurso extraordinario. Arts. 5.001 y 5.003 (a) (3) del Plan de Reorganización Num. 1 de la Rama Judicial de 28 de julio de 1994, según enmendado, conocido como la *"Ley de la Judicatura de Puerto Rico de 1994"*, 4 L.P.R.A. secs. 22m y 220(a)(3). Véase también el Artículo 650 de la Ley de Recursos Extraordinarios, 32 L.P.R.A. sec. 3422. Como este Tribunal de Circuito de Apelaciones no está capacitado para recibir prueba testifical, por lo general limitamos nuestra intervención, al expedir recursos de *mandamus* [2] a aquéllos dirigidos contra un magistrado de instancia. Es preferible que casos como este, que se asemejan más al tipo de demanda que instancia atiende a diario, se vean en el Tribunal de Primera Instancia. *E.g., Chamberlain v. Delgado*, 82 D.P.R. 6 (1960).

## II
En virtud de todo lo anterior, se remite el expediente al Tribunal de Primera Instancia, Sala Superior de Mayaguez, para que considere si procede emitir un *mandamus* a la Administración de Corrección para que efectúe la vista correspondiente conforme a los reglamentos pertinentes.

Así lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

**ESCOLIOS 98 DTA 206**

**1.** Reglamento de los Hogares de Adaptación Social de 5 de marzo de 1974, y Reglamento Núm. 1986 de 18 de septiembre de 1996, conocido como Reglamento para los Procedimientos Disciplinarios de las Instituciones de la Administración de Corrección.

**2.** Art. 4.002(h) de la Ley de la Judicatura, *supra*, sec. 22k(h).